```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


SHAREEF EDMONDS, et al.,        :
                                :     Civil Action No. 10-2304 (SDW)
            Plaintiffs,         :
                                :
       v.                       :     MEMORANDUM OPINION
                                :
CARTERET POLICE DEPARTMENT,     :
et al.,                         :
                                :
            Defendants.         :
```

**APPEARANCES**:

Plaintiffs pro se
Shareef Edmonds
Middlesex County Adult Correctional Center
P.O. Box 266
New Brunswick, NJ 08903

and
Khamilah Richardson
Elijah Relford
42 Brookwood Street
East Orange, NJ


**WIGENTON**, District Judge

Plaintiffs Shareef Edmonds, Khamilah Richardson, and Elijah Relford seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff Shareef Edmonds is confined at the Middlesex County Adult Correctional Center in New Brunswick, New Jersey. Co-plaintiff Elijah Relford is Edmonds's son, aged 14, and is a non-prisoner. Co-plaintiff Khamilah Richardson is Relford's mother and purports to appear her on her own behalf and as representative of her son Elijah Relford.

Plaintiffs allege that, on January 16, 2008, certain police officers entered their home to arrest Plaintiff Edmonds, by choking and stomping him, repeatedly, on his back and head. In addition, Plaintiffs allege that certain police officers held Plaintiff Richardson by her arms and kicked her on her stomach. Finally, Plaintiffs allege that certain police officers held a gun to the head of Plaintiff Relford, asking him where Plaintiff Edmonds had put his gun. The Complaint is dated April 20, 2010.

Plaintiffs in a civil action must either pre-pay the $350 filing fee or obtain leave to proceed in forma pauperis.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain

this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment

payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff has submitted a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  The application, however, mistakenly states that the filing fee is $150; in fact, the filing fee is $350.

Where multiple plaintiffs seek to proceed in forma pauperis, moreover, all plaintiffs must establish their inability to pay the filing fee.  See Anderson v. State of California, Civil No. 10-2216, 2010 WL 4316996 (S.D. Cal. Oct. 27, 2010); Darden v. Indymac Bancorp, Inc., Civil No. 09-2970, 2009 WL 5206637 (E.D. Cal. Dec. 23, 2009).  Here, co-plaintiff Khamilah Richardson has failed to provide the Court with an application for leave to proceed in forma pauperis or an affidavit detailing her assets

4

and liabilities.  In the absence of such an application and affidavit, this Court cannot grant the plaintiffs leave to proceed in forma pauperis.

Finally, Khamilah Richardson purports to appear here as representative of her minor child Elijah Relford.  However, a parent who is not an attorney is not entitled to represent his child in a federal court civil rights action.  See Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876 (3d Cir. 1991).  Accordingly, all claims asserted on behalf of Plaintiff Relford will be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, all claims asserted on behalf of Plaintiff Relford will be dismissed without prejudice.  Plaintiff Shareef Edmonds's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiffs Shareef Edmonds and Khamilah Richardson will be granted leave to move to re-open within 30 days.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

An appropriate Order will be entered.

                                                             <u>s/Susan D. Wigenton</u>
                                                             Susan D. Wigenton
                                                             United States District Judge

Dated: November 30, 2010